**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | No. 1:17-cv-01338-AJT-JFA |
| Plaintiff, | |
| v. | Hon. Anthony J. Trenga |
| WILLIS TOWERS WATSON plc, TOWERS WATSON & CO., WILLIS GROUP HOLDING plc, VALUEACT CAPITAL MANAGEMENT, JOHN J. HALEY, DOMINIC CASSERLEY, and JEFFREY W. UBBEN, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TAMESIDE METROPOLITAN BOROUGH COUNCIL AS THE ADMINISTERING AUTHORITY OF THE GREATER MANCHESTER PENSION FUND AND HUDSON BAY MASTER FUND LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 4

ARGUMENT .............................................................................................................................. 5

I. GMPF AND HUDSON BAY SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................................. 5

 A. The PSLRA Standard For Appointing Lead Plaintiff ...................................... 5

 B. GMPF And Hudson Bay Are The "Most Adequate Plaintiff" ....................... 6

  1. GMPF's and Hudson Bay's Motion Is Timely ...................................... 6

  2. GMPF and Hudson Bay Have the Largest Financial Interest in the Relief Sought by the Class ............................................................. 7

  3. GMPF and Hudson Bay Otherwise Satisfy the Requirements of Rule 23 ................................................................................................ 7

   (a) GMPF and Hudson Bay Satisfy the Typicality Requirement of Rule 23 ............................................................................ 8

   (b) GMPF and Hudson Bay Satisfy the Adequacy Requirement of Rule 23 ............................................................................ 9

  4. GMPF and Hudson Bay Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA ................................................................. 10

II. THE COURT SHOULD APPROVE GMPF'S AND HUDSON BAY'S SELECTION OF COUNSEL .................................................................................. 12

CONCLUSION ....................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................................... 12

*In re Cable & Wireless, PLC Sec. Litig.*,
    217 F.R.D. 372 (E.D. Va. 2003) .................................................................................... 9, 10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ........................................................................................... 7, 8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ............................................................................................... 12

*Lienhart v. Dryvit Sys., Inc.*,
    255 F.3d 138 (4th Cir. 2001) ................................................................................................ 8

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................................ *passim*

*In re NII Holdings, Inc. Sec. Litig.*,
    311 F.R.D. 401 (E.D. Va. 2015) ...................................................................................... 8, 9

*Reitan v. China Mobile Games & Entm't Grp., Ltd.* (*China Mobile*),
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ................................................................................ 11

*Switzenbaum v. Orbital Scis. Corp.*,
    187 F.R.D. 246 (E.D. Va. 1999) ..................................................................................... 7, 8

*In re the Mills Corp.*,
    No. Civ. A. 1:06-77(GEL), 2006 WL 2035391 (E.D. Va. May 30, 2006) ............... 7, 9, 12

**Rules & Statutes**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

15 U.S.C. § 78u-4(a) *et seq.* ..................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
 No. 04-cv-08141 (S.D.N.Y.)...................................................................................................13

*In re BearingPoint Sec. Litig.*,
 No. 1:03-cv-1062 (TSE) (E.D. Va.) .......................................................................................14

*In re Comput. Scis. Corp. Sec. Litig.*,
 No. 11-cv-610-TSE-IDD (E.D. Va.).......................................................................................13

*In re Countrywide Fin. Corp. Sec. Litig.*,
 No. 07-cv-5295 (C.D. Cal.) ....................................................................................................13

*In re K12, Inc. Sec. Litig.*
 No. 14-cv-00108-AJT-JFA (E.D. Va. Apr. 24, 2014) .............................................................11

*In re Lumber Liquidators Holdings, Inc. Sec. Litig.*,
 No. 13-cv-00157-AWA-LRL (E.D. Va.)................................................................................14

*In re Maximus, Inc. Sec. Litig.*,
 No. 17-cv-00884-AJT-IDD (E.D. Va. Nov. 3, 2017) ........................................................11, 13

*In re NII Holdings, Inc. Sec. Litig.*,
 No. 14-cv-227-LMB-JFA (E.D. Va.)......................................................................................13

*In re Orbital Scis. Corp. Sec. Litig.*,
 No. 99-cv-197 (E.D. Va.)........................................................................................................13

*PSINet, Inc. Sec. Litig.*,
 No. 1:00-cv-1850 (LMB) (E.D. Va.) ......................................................................................14

*In re Xybernaut Corp. Sec. MDL Litig.*,
 No. 1:05-MDL-1705 (LMB/TCB) (E.D. Va.) ...................................................................13, 14

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................10, 11

Tameside Metropolitan Borough Council as the Administering Authority of the Greater Manchester Pension Fund ("GMPF") and Hudson Bay Master Fund Ltd. ("Hudson Bay"), respectfully submit this Memorandum of Law pursuant to Local Rule 7(F) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of their motion for the entry of an Order: (1) appointing GMPF and Hudson Bay as Lead Plaintiff on behalf of a Class (as defined herein) of all Towers Watson & Co. ("Towers") shareholders of record as of October 2, 2015, the record date for Towers shareholders to be eligible to vote on the merger between Towers and Willis Group Holding plc ("Willis") (the "Merger")[1]; and (2) approving GMPF's and Hudson Bay's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

GMPF and Hudson Bay—like-minded institutional investors that manage approximately $34 billion in assets combined—respectfully submit that they should be appointed Lead Plaintiff on behalf of all Towers shareholders of record as of October 2, 2015 (the "Class"). The above-captioned action brought against Willis Towers Watson plc ("Willis Towers Watson"), Towers, Willis, Towers' former Chairman and Chief Executive Officer ("CEO") John Haley ("Haley"), Willis' former CEO Dominic Casserley ("Casserley"), ValueAct Capital Management ("ValueAct"), and ValueAct's CEO Jeffrey Ubben ("Ubben") (collectively, "Defendants"), alleges violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the

---

[1] The Complaint states October 2, 2015 as the record date for Towers shareholders to be eligible to vote on the Merger. *See Cambridge Retirement System v. Willis Towers Watson plc*, No. 17-cv-01338-AJT-JFA (E.D. Va.) (the "Action"). However, GMPF and Hudson Bay believe the correct record date for Towers shareholders to be eligible to vote was October 1, 2015. Nevertheless, GMPF and Hudson Bay each held the same amount of Towers shares on both dates.

"Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, promulgated thereunder.

As alleged in the Action, in connection with the January 4, 2016 Merger, Defendants violated the above-referenced sections of the Exchange Act, and rules and regulations promulgated by the U.S. Securities and Exchange Commission ("SEC"), by issuing a false and misleading Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") with the SEC on October 2, 2015 and by recommending to Towers shareholders, including GMPF and Hudson Bay, that they should vote in favor of the Merger based on misleading information and without disclosing all material information which renders the Proxy Statement misleading.

The PSLRA governs the appointment of the Lead Plaintiff in class action lawsuits alleging violations of the federal securities laws and directs courts to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to identify which movant or group of movants has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movants have made a *prima facie* showing that they are otherwise typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

GMPF and Hudson Bay satisfy these requirements. As set forth below, GMPF and Hudson Bay held a combined ***152,875*** shares of Towers common stock as of October 2, 2015—an interest believed to be greater than that of any other qualified movant.[2] GMPF and Hudson Bay also meet the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly and adequately represent

---

[2] A copy of GMPF's and Hudson Bay's Certifications are attached as Exhibit A to the Declaration of Steven J. Toll in Support of the Motion of GMPF and Hudson Bay for Appointment as Lead Plaintiff and Approval of Their Selection Lead Counsel (the "Toll Declaration" or "Toll Decl."), filed contemporaneously herewith.

the interests of the Class. Additionally, GMPF and Hudson Bay are precisely the type of sophisticated institutional investors that Congress intended for the PSLRA to empower to lead securities class actions. GMPF and Hudson Bay each possess the capability and resources to oversee this complex litigation. GMPF and Hudson Bay are willing and able to undertake the responsibilities involved in acting as Lead Plaintiff to guarantee the vigorous prosecution of the Action. Accordingly, GMPF and Hudson Bay are the presumptive Lead Plaintiff.

Further, as set forth in greater detail in the Joint Declaration of Sandra Stewart and James Adams ("Joint Decl.") submitted herewith, GMPF and Hudson Bay fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* Toll Decl., Ex. B. As part of their effort to formalize their leadership over this action, representatives from GMPF and Hudson Bay held a joint conference call to discuss the merits of the Action, their shared desire to maximize the recovery for all Class members, as well as their joint litigation strategy and the benefits joint representation would provide to the Class—providing further evidence of their commitment and ability to effectively prosecute this action.

Finally, GMPF and Hudson Bay request that the Court approve its choice of Labaton Sucharow as Lead Counsel and Cohen Milstein as Liaison Counsel to represent the Class. Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors. Moreover, Labaton Sucharow has successfully achieved noteworthy results for investors in this District. *See* Section II, *infra*. Cohen Milstein is also well qualified to represent the Class as Liaison Counsel, having previously served as both lead counsel and liaison counsel in this District. *Id.* Accordingly, GMPF and Hudson Bay respectfully request that the Court approve its selection of Labaton

Sucharow as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

### FACTUAL BACKGROUND[3]

On June 30, 2015, Towers and Willis announced that they had entered into an agreement to merge, pursuant to which Towers stockholders would receive 2.649 shares of Willis stock and a $4.87 per share cash dividend in exchange for each Towers share. Under the agreement, Towers shareholders would own 49.9% of the combined entity, with Willis shareholders owning the remaining majority. On January 4, 2016, the Merger closed. *See* ¶ 2.

The Merger required the approval of a majority of Towers shareholders and it became immediately apparent that many Towers shareholders were dissatisfied with the consideration they would receive in the deal. Recognizing the waning shareholder support for the originally agreed upon Merger, the Towers Board of Directors authorized Towers Chairman and CEO Haley to renegotiate the deal terms, including both the exchange ratio and the cash dividend. ¶ 3.

Haley, however, had an economic incentive for the deal to be consummated and when he recognized that Towers shareholders would likely reject the deal, Haley conspired with Willis executives and a major Willis shareholder, ValueAct, to secretly help them execute this transaction. In particular, Haley decided to sell out Towers shareholders in exchange for an undisclosed promise of a three-year, $165 million pay package when Haley became CEO of the merged company. While he was purportedly renegotiating the terms of the Merger with Willis, Haley met with ValueAct CEO Ubben and negotiated his own executive compensation package for serving as the future CEO of the combined company. ValueAct was Willis' largest investor and had a seat on the Willis Board of Directors, and would continue to have a seat on the Board

---

[3] All citations to "¶_" refer to the Complaint filed in the Action.

of the combined company. In return, Haley did not negotiate to maximize the value of Towers shares in the Merger and instead worked to persuade Towers' Board and Towers shareholders that a meager $5 increase in the special dividend was the most he could extract from Willis. ¶¶ 4, 21.

As a result of Haley's disloyalty and self-dealing, many of the representations made to investors in the Towers and Willis joint proxy materials were false and misleading. Specifically, the joint proxy materials described the Merger renegotiations as an arm's-length negotiation between Haley and Casserley, and entirely omits Ubben and ValueAct's role in those negotiations. The proxy materials also omitted the fact that Haley negotiated his compensation as the future CEO of the combined entity, and that several statements made by Haley in support of the Merger were secretly "ghostwritten" by ValueAct. ¶ 5.

As a result of these material misrepresentations and omissions, Towers shareholders were misled into accepting consideration from the Merger that was well below fair value for their Towers shares. ¶ 6.

## ARGUMENT

I.  **GMPF AND HUDSON BAY SHOULD BE APPOINTED LEAD PLAINTIFF**

GMPF and Hudson Bay respectfully submit that they should be appointed Lead Plaintiff because they timely filed the instant motion, believe they have the largest financial interest of any qualified movant, and satisfy the typicality and adequacy requirements of Rule 23.

A.  **The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-

4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

> **B.    GMPF And Hudson Bay Are The "Most Adequate Plaintiff"**
>
> **1.    GMPF's and Hudson Bay's Motion Is Timely**

GMPF and Hudson Bay filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the Action published a notice on *PR Newswire*, a widely-circulated, national, business-oriented news wire service, on November 22,

6

2017. *See* Toll Decl., Ex. C. The November 22, 2017 notice, in accordance with the PSLRA, stated that applications for appointment as Lead Plaintiff must be made no later than 60 days from the date on which the notice was published, *i.e.*, January 22, 2018. *See In re the Mills Corp.*, No. Civ. A. 1:06-77(GEL), 2006 WL 2035391, at *2 (E.D. Va. May 30, 2006) (setting forth the notice requirement and the sequential procedure for appointment of lead plaintiff). GMPF and Hudson Bay filed their motion seeking appointment as Lead Plaintiff within the required period.

### 2. GMPF and Hudson Bay Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class, so long as that movant otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248-49 (E.D. Va. 1999) (discussing the PSLRA's standard for "determin[ing] which of the potential plaintiffs can most adequately represent the putative class").

GMPF and Hudson Bay held a combined ***152,875*** shares of Towers as of October 2, 2015—an interest believed to be greater than that of any other qualified movant. Toll Decl., Ex. A. GMPF and Hudson Bay are unaware of any other movant with a larger financial interest in the outcome of the Action. Accordingly, GMPF and Hudson Bay have the largest financial interest of any qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. GMPF and Hudson Bay Otherwise Satisfy the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule

7

23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

For the purposes of assessing whether the provisions of Rule 23 are satisfied at the lead plaintiff appointment stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See MicroStrategy*, 110 F. Supp. 2d at 435 (noting that only the typicality and adequacy requirements are relevant at the lead plaintiff stage); *Orbital Scis.*, 187 F.R.D. at 250 (noting that the Rule 23 "inquiry is not as searching as the one triggered by a motion for class certification").

### (a) GMPF and Hudson Bay Satisfy the Typicality Requirement of Rule 23

A proposed lead plaintiff's claims are considered typical when the movant is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir. 2001) (internal quotation marks and citation omitted). "A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *MicroStrategy*, 110 F. Supp. 2d at 435 (citation omitted); *accord In re NII Holdings, Inc. Sec. Litig.*, 311 F.R.D. 401, 406-07 (E.D. Va. 2015) ("Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative

8

must be part of the class and possess the same interest and suffer the same injury as the class members.'") (citations omitted).

The typicality requirement is satisfied here because GMPF and Hudson Bay, which are not subject to any unique or special defenses, seek the same relief and advance the same legal theories as other Class members. Typicality can be established by showing that "each class member's claims arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." *In re Mills Corp.*, 2006 WL 2035391, at *2 (citation omitted). Here, GMPF's and Hudson Bay's claims and legal arguments required to prove Defendants' liability in this action are virtually identical to those of absent Class members. Like all other Class members: GMPF and Hudson Bay were each Towers holders of record and entitled to vote on the Merger. Moreover, GMPF, Hudson Bay and other Class members have been harmed by the same Defendants' actions. As such, GMPF and Hudson Bay are typical Class representatives.

### (b) GMPF and Hudson Bay Satisfy the Adequacy Requirement of Rule 23

Pursuant to Rule 23(a)(4), the representative party must demonstrate that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if a movant shows that: (1) its interests are not adverse to the interests of the class; (2) it has retained competent counsel; and (3) it is otherwise competent to serve as a representative of the class. *See MicroStrategy*, 110 F. Supp. 2d at 436; *accord NII Holdings*, 311 F.R.D. at 407; *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 375 n.5 (E.D. Va. 2003) (citation omitted).

GMPF and Hudson Bay will fairly and adequately represent the interests of the proposed Class. GMPF's and Hudson Bay's interests are perfectly aligned with the other members of the

9

Class and are not antagonistic in any way. Indeed, GMPF and Hudson Bay have the same interest as all members of the Class—to maximize the recovery for the Class. There are no facts that indicate any conflicts of interest between GMPF, Hudson Bay and the other Class members. Moreover, because of GMPF's and Hudson Bay's financial interest in this Action, Class members can be assured that they have the incentive to vigorously represent the Class' interests. GMPF and Hudson Bay have further demonstrated their adequacy through the selection of Labaton Sucharow to serve as Lead Counsel on behalf of the Class. As discussed more fully below, Labaton Sucharow is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute securities class action lawsuits. Accordingly, GMPF and Hudson Bay are exceedingly competent representatives of the Class.

### 4. GMPF and Hudson Bay Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, GMPF and Hudson Bay—large, sophisticated institutional investors—are precisely the type of investors Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history

10

reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *Reitan v. China Mobile Games & Entm't Grp., Ltd.* (*China Mobile*), 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"). Indeed, this Court has recently appointed institutional investors to serve as Lead Plaintiff under the PSLRA. *See In re Maximus, Inc. Sec. Litig.*, No. 17-cv-00884-AJT-IDD, ECF No. 40 (E.D. Va. Nov. 3, 2017) (appointing Labaton Sucharow to serve as lead counsel); *In re K12, Inc. Sec. Litig*. No. 14-cv-00108-AJT-JFA, ECF. No. 7 (E.D. Va. Apr. 24, 2014).

The Joint Declaration also sets forth the reasons why GMPF and Hudson Bay decided to collaborate in this litigation, describes how the group was formed, and establishes how GMPF and Hudson Bay intend to oversee counsel and this litigation. *See* Toll Decl., Ex. B, Joint Decl. ¶¶ 5-13. As reflected in the Joint Declaration, prior to seeking appointment as Lead Plaintiff, representatives of GMPF and Hudson Bay consulted extensively with proposed Lead Counsel regarding the merits of the claims against Defendants, their exposure arising from Defendants' misconduct, and their proposed litigation strategy. *See id*. ¶¶ 5-10. Through the course of that consultation, GMPF and Hudson Bay each expressed an interest in seeking to partner with a like-minded institutional investor in seeking appointment as Lead Plaintiff. *See id*. ¶¶ 8-10. GMPF and Hudson Bay agreed that their partnership would benefit the representation of the Class in this action as a result of their shared goals and interests as fiduciaries to protect and maximize the value of fund assets, and in recognition of the importance of this litigation to all Towers shareholders. *See id*. ¶¶ 9-11.

Significantly, the Joint Declaration also demonstrates that GMPF and Hudson Bay have already taken measures to ensure the vigorous prosecution of this action. *See id*. ¶¶ 9, 11, 13.

11

Specifically, on January 19, 2018, representatives of GMPF and Hudson Bay participated in a conference call and discussed together, among other things: their exposure arising from Defendants' misconduct and their strategy for prosecuting this case; the strength of the claims against Defendants; protocols to ensure efficient communication and that the action be prosecuted without duplication of cost or effort; and their common goals in ensuring that the Class receives the best possible result. *See id*. ¶¶ 8-9.

The evidence submitted by GMPF and Hudson Bay demonstrating their commitment to vigorously and effectively represent the interests of the Class as members of a Lead Plaintiff group is more than adequate to satisfy the adequacy and typicality requirements here. *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (finding that "demonstrated cooperation among plaintiffs [through discussions and declarations memorializing their joint oversight over counsel and the action], particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in fact dominated by counsel").

## II.     THE COURT SHOULD APPROVE GMPF'S AND HUDSON BAY'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001); *see also Mills*, 2006 WL 2035391, at *4 (appointing co-lead counsel with extensive experience); *MicroStrategy*, 110 F. Supp. 2d at 438 ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources, saving the question of fees until the conclusion

of the litigation."). GMPF and Hudson Bay have selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel, and Cohen Milstein to serve as Liaison Counsel for the Class.

Labaton Sucharow has excelled as lead counsel in numerous landmark actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it recovered more than $1 billion for injured investors. In addition, Labaton Sucharow was lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 to 2008. Labaton Sucharow also has achieved noteworthy results for investors in this District, including securing a settlement of $97.5 million in *In re Computer Sciences Corp. Securities Litigation*, No. 11-cv-610-TSE-IDD (E.D. Va.), a settlement of $41.5 million in *In re NII Holdings, Inc. Securities Litigation*, No. 14-cv-227-LMB-JFA (E.D. Va.), and negotiating the implementation of significant corporate governance reforms and recovering $22.5 million in cash and warrants for injured investors in *In re Orbital Sciences Corp. Securities Litigation*, No. 99-cv-197 (E.D. Va.). Labaton Sucharow is currently serving as lead or co-lead counsel in securities fraud cases against Goldman Sachs Group, Inc. and Facebook, Inc., among other significant investor class actions. *See* Labaton Sucharow Firm Resume, Toll Decl., Ex. D. Indeed, this Court recently appointed Labaton Sucharow as Lead counsel in *In re Maximus, Inc. Securities Litigation*, No. 17-cv-00884-AJT-IDD, ECF No. 40 (E.D. Va. Nov. 3, 2017).

Likewise, Cohen Milstein is well qualified to represent the Class as Liaison Counsel, having served as counsel in numerous securities actions in this District. *See, e.g.*, *In re Xybernaut Corp. Sec. MDL Litig.*, No. 1:05-MDL-1705 (LMB/TCB) (E.D. Va.) (served as lead

counsel and achieved a $6.3 million settlement on behalf of injured investors); *PSINet, Inc. Sec. Litig.*, No. 1:00-cv-1850 (LMB) (E.D. Va.) (played central role in achieving $17.83 million settlement on behalf of injured investors); *see also In re BearingPoint Sec. Litig.*, No. 1:03-cv-1062 (TSE) (E.D. Va.) (praising Cohen Milstein and noting "people who run corporations are generally deterred by the fact that there are the . . . Cohen Milsteins out there."), and is also serving as co-lead counsel in the Lumber Liquidators consumer case pending before this court. *See* Cohen Milstein Firm Resume, Toll Decl., Ex. E.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, GMPF and Hudson Bay respectfully request that the Court: (1) appoint GMPF and Hudson Bay as Lead Plaintiff; and (2) approve GMPF's and Hudson Bay's selection of Labaton Sucharow as Lead Counsel for the Class and Cohen Milstein as Liaison Counsel for the Class.

Dated: January 22, 2018

Respectfully submitted,

  /s/ Steven J. Toll  
Steven J. Toll (Va. Bar No. 15300)
Elizabeth A. Aniskevich (Va. Bar. No. 81809)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Emails: stoll@cohenmilstien.com
eaniskevich@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

Christopher J. Keller

14

Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Emails: ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

Mark S. Willis
**LABATON SUCHAROW LLP**
1050 Connecticut Ave., N.W., Suite 500
Washington, DC 20036
Telephone: (571) 332-2189
Facsimile: (212) 818-0477
Email: mwillis@labaton.com

*Counsel for Tameside Metropolitan Borough Council as the administering authority of the Greater Manchester Pension Fund and Hudson Bay Master Fund Ltd. and Proposed Lead Counsel for the Class*

15

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of January, 2018, I electronically filed this Memorandum of Law in Support of the Motion of Tameside Metropolitan Borough Council as the Administering Authority of the Greater Manchester Pension Fund and Hudson Bay Master Fund Ltd. for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel using the Court's CM/ECF system, and the memorandum and related papers will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 */s/ Steven J. Toll*
  Steven J. Toll