# Exhibit B

**JOINT DECLARATION OF SANDRA STEWART AND JAMES ADAMS IN SUPPORT OF THE MOTION OF TAMESIDE METROPOLITAN BOROUGH COUNCIL AS THE ADMINISTERING AUTHORITY OF THE GREATER MANCHESTER PENSION FUND AND HUDSON BAY MASTER FUND LTD. FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

We, Sandra Stewart and James Adams, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the Motion of the Tameside Metropolitan Borough Council as the Administering Authority of the Greater Manchester Pension Fund ("GMPF") and Hudson Bay Master Fund Ltd. ("Hudson Bay") for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel.  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution or institutions with which we are associated.

2. I, Sandra Stewart, serve as Director of Pensions and Solicitor to GMPF and I am authorized to make this Joint Declaration on its behalf.  GMPF oversees approximately $32 billion in assets on behalf of over 350,000 members.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, GMPF held 49,800 shares of Towers Watson & Co. ("Towers") as of October 2, 2015.  GMPF is an institutional investor that understands that this case is governed by the PSLRA, and accepts the fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.

3. I, James Adams, am a Portfolio Manager of Hudson Bay Capital Management LP ("Hudson Bay Capital").  Hudson Bay Capital serves as the investment manager of Hudson Bay and is authorized to act on its behalf for purposes of this action.  I am personally authorized as an employee of Hudson Bay Capital to make this Joint Declaration on behalf of Hudson Bay. Hudson Bay is a Cayman Islands exempt company with over $2 billion in assets.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Hudson Bay held 103,075 shares of Towers as of October 2, 2015.  Hudson Bay is an institutional investor that understands

that this case is governed by the PSLRA, and accepts the fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.

4.    GMPF and Hudson Bay are strongly motivated to recover the significant harm that each incurred as a result of defendants' violations of the federal securities laws. Accordingly, we believe that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this action is litigated as zealously and efficiently as possible. GMPF's and Hudson Bay's principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all potentially culpable parties.

5.    For these reasons and others, GMPF and Hudson Bay each independently determined that they could best achieve their shared goals of securing the maximum potential recovery for the Class by seeking appointment as Lead Plaintiff. After reviewing the merits of the claims alleged against Defendants and consulting with counsel, Labaton Sucharow LLP ("Labaton Sucharow"), we approved the filing of a joint motion for appointment as Lead Plaintiff.

6.    GMPF and Hudson Bay each independently determined to seek appointment as Lead Plaintiff. Specifically, GMPF reviewed information provided from Labaton Sucharow with regard to the merits of the claims filed against Willis Towers Watson plc, Towers, Willis Group Holding plc ("Willis"), Towers' former Chairman and Chief Executive Officer ("CEO") John Haley, Willis' former CEO Dominic Casserley, ValueAct Capital Management ("ValueAct"), and ValueAct's CEO Jeffrey Ubben (collectively, "Defendants"). After assessing the information presented, GMPF ultimately decided to seek appointment as Lead Plaintiff and

selected Labaton Sucharow to represent GMPF and the Class in this case as proposed Lead Counsel.

7. Similarly, Hudson Bay conferred with Labaton Sucharow concerning the claims asserted against Defendants in this matter as well as Hudson Bay's exposure arising from Defendants' misconduct. After analyzing the merits of the claims against Defendants, Hudson Bay decided to seek appointment as Lead Plaintiff.

8. GMPF, in its consultation with Labaton Sucharow, expressed an interest in serving as Lead Plaintiff with other institutional investors that shared its goals of maximizing the potential recovery for all Class members. Likewise, Hudson Bay also expressed that it would be interested in serving as Lead Plaintiff together with other institutional investors, as such a structure would allow for the sharing of experiences and resources and would ensure that the Class achieves the best possible result. Through discussions with counsel, GMPF learned of Hudson Bay's interest in serving as Lead Plaintiff in the class action and vice-versa.

9. Having learned that the institutions had considered and decided to seek a role as Lead Plaintiff in this litigation, GMPF and Hudson Bay determined to communicate with each other to explore whether it would be in our and the Class' interests to seek appointment together as Lead Plaintiff. As part of our efforts to explore working together, on January 19, 2018, we participated in a conference call to discuss GMPF's and Hudson Bay's exposure arising from Defendants' misconduct and our future strategy for prosecuting this case. Through this call, we also discussed: the benefits the Class would receive from the leadership of committed institutional investors with substantial resources; our desire to maximize the recovery for the Class; our interests in prosecuting the case in a collaborative fashion; communication protocols to ensure that representatives of GMPF and Hudson Bay could discuss the prosecution of this

matter either with or without counsel; and the actions we have taken and will continue to take to ensure that the Class' claims will be zealously and efficiently litigated.

10. Based upon our own diligence and communications, GMPF and Hudson Bay agreed we would seek a joint role as Lead Plaintiff based upon our shared view that our partnership is well-suited for the litigation, would advance the interests of the Class, and is consistent with shared goals and interests to maximize the assets of the respective funds.

11. GMPF and Hudson Bay also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable expense or cost. GMPF and Hudson Bay decided to seek joint appointment as Lead Plaintiff, in part, because we intend to ensure that this action is prosecuted in such an economical manner. Through our oversight of counsel, we believe that Labaton Sucharow will prosecute this action in a cost-effective manner and in the best interests of all Class members.

12. GMPF and Hudson Bay are aware that Labaton Sucharow is an accomplished law firm that has a history of achieving impressive settlements and corporate governance reforms with defendants. We fully believe that Labaton Sucharow will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class.

13. GMPF and Hudson Bay are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that

the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to GMPF are true to the best of my knowledge. Executed this 21 day of January, 2018.

_____

Sandra J Stewart, Solicitor
Director of Governance and Pensions
Tameside Metropolitan Borough Council as
the administering authority of the Greater
Manchester Pension Fund

*On behalf of GMPF*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Hudson Bay are true to the best of my knowledge. Executed this 22nd day of January, 2018.

_____
James Adams
Portfolio Manager, Authorized Signatory
Hudson Bay Capital Management LP

*On behalf of Hudson Bay*