**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CAMBRIDGE RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WILLIS TOWERS WATSON plc, TOWERS WATSON & CO., WILLIS GROUP HOLDINGS plc, VALUEACT CAPITAL MANAGEMENT, JOHN J. HALEY, DOMINIC CASSERLEY, and JEFFREY W. UBBEN, <br><br> Defendants. | Civ. A. No. 1:17-cv-01338-AJT-JFA <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE REGENTS OF THE UNIVERSITY OF CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

I.     The Regents Should Be Appointed Lead Plaintiff ............................................................ 4

     A.    The Regents Has Timely Moved For Appointment As Lead Plaintiff .................. 5

     B.    The Regents Has The Largest Financial Interest In The Relief Sought By The Class .................................................................................................................... 5

     C.    The Regents Satisfies The Requirements Of Rule 23 ........................................... 5

II.    The Regents' Selection Of Counsel Should Be Approved .................................................. 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)...................................................................................7

*In re Jefferies Grp., Inc. S'holder Litig.*,
    CV 8059-CB, 2015 WL 3540662 (Del. Ch. June 5, 2015)......................................9

*Kiken v. Lumber Liquidators Holdings, Inc.*,
    No. 4:13cv157, 2014 WL 12588686 (E.D. Va. May 14, 2014)...............................5

*Klugmann v. Am. Capital Ltd.*,
    No. PJM 09-5, 2009 WL 2499521 (D. Md. Aug. 13, 2009)....................................6

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) .....................................................................6

*In re Mills Corp. Sec. Litig.*,
    No. Civ.A. 1:06-77(GEL), 2006 WL 2035391 (E.D. Va. May 30, 2006)........................6, 7, 8

*Miraglia v. Human Genome Scis. Inc.*,
    No. 8:11-cv-03231-RWT, 2012 WL 987502 (D. Md. Mar. 22, 2012)....................6

STATUTES

15 U.S.C. § 78u-4(a)(3)(A).......................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)........................................................................1, 4, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4)..............................................................................................6

H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 (1995) .................7, 8

Pursuant to Local Civil Rule 7, The Regents of the University of California ("The Regents") respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and the Law Offices of Susan R. Podolsky as Liaison Counsel for the class.

## **INTRODUCTION**

On November 21, 2017, Plaintiff Cambridge Retirement System, through its counsel, Bernstein Litowitz, filed a securities class action complaint alleging that, in connection with soliciting stockholder votes to approve the merger (the "Merger") of Towers Watson & Co. ("Towers") and Willis Group Holdings plc ("Willis"), Defendants made materially false and misleading statements or omissions in violation of Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a), 78t(a)) and U.S. Securities and Exchange Commission Rule 14a-9 promulgated thereunder (17 C.F.R. § 240.14a-9).   As a result of Defendants' material misrepresentations and omissions, Towers shareholders, including The Regents, were misled into accepting consideration from the Merger that was below fair value for their Towers shares.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, The Regents respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. The Regents believes that it has the largest financial interest in this action by virtue of its substantial investment in Towers shares at the time of the Merger. Specifically, The Regents owned 328,385 shares of Towers common stock that it was eligible to vote in connection with the Merger.[1]

In addition to asserting the largest financial interest in this litigation, The Regents also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the class. Indeed, The Regents is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation and experience serving as Lead Plaintiff in securities class actions. Accordingly, The Regents has both the incentive and ability to supervise and monitor counsel. Further, The Regents fully understands the Lead Plaintiff's obligations to the class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

The Regents has also demonstrated its adequacy through its selection of Bernstein Litowitz as proposed Lead Counsel for the class and the Law Offices of Susan R. Podolsky as proposed Liaison Counsel for the class. Bernstein Litowitz is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of harmed investors. Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the class. Similarly, Ms. Podolsky has over 20 years of complex

---

[1] The Regents' PSLRA-required Certification is provided as Exhibit A to the Declaration of Susan R. Podolsky in Support of the Motion of The Regents of the University of California for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel ("Podolsky Decl."), filed herewith.

litigation experience and is highly experienced at serving as Liaison Counsel in securities class actions in this District.

Accordingly, based on The Regents' significant financial interest and its commitment and ability to oversee the prosecution of this action, The Regents respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

This action arises from the Merger between Towers and Willis, which closed on January 4, 2016.  Months earlier, on June 30, 2015, Towers and Willis announced that they had entered into an agreement to merge, pursuant to which Towers stockholders would receive 2.649 shares of Willis stock and a $4.87 per share cash dividend in exchange for each Towers share.  Under the agreement, Towers shareholders would own 49.9% of the combined entity, with Willis shareholders owning the remaining majority.

The Merger required the approval of a majority of Towers shareholders and it became immediately apparent that many Towers shareholders were dissatisfied with the consideration they would receive in the deal.  Recognizing the waning shareholder support for the originally agreed upon merger, the Towers Board of Directors authorized Towers Chairman and CEO John Haley to renegotiate the deal terms, including both the exchange ratio and the cash dividend.

Haley, however, had an economic incentive for the deal to be consummated and when he recognized that Towers shareholders would likely reject the deal, Haley conspired with Willis executives and a major Willis shareholder, ValueAct, to secretly help them execute this transaction.  In particular, Haley decided to sell out Towers shareholders in exchange for an undisclosed promise of a three-year, $165 million pay package when Haley became CEO of the merged company.  In return, Haley did not negotiate to maximize the value of Towers shares in

3

the merger and instead worked to persuade Towers' Board and Towers shareholders that a meager $5 increase in the cash dividend was the most he could extract from Willis.

As a result of Haley's disloyalty and self-dealing, many of the representations made to investors in the Towers and Willis joint proxy materials were false and misleading. Specifically, the joint proxy materials described the Merger renegotiations as an arm's-length negotiation between Haley and Willis CEO Dominic Casserley, and entirely omits ValueAct's, and its CEO Jeffrey Ubben's role in those negotiations. The proxy materials also omitted the fact that Haley negotiated his compensation as the future CEO of the combined entity, and that several statements made by Haley in support of the Merger were secretly "ghostwritten" by ValueAct.

As a result of these material misrepresentations and omissions, Towers shareholders were misled into accepting consideration from the Merger that was well below fair value for their Towers shares.

## ARGUMENT

## I.     The Regents Should Be Appointed Lead Plaintiff

The Regents respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, The Regents believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

A.      **The Regents Has Timely Moved For Appointment As Lead Plaintiff**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On November 21, 2017, Bernstein Litowitz filed the above-captioned action on behalf of Plaintiff Cambridge Retirement System.  On November 22, 2017, Bernstein Litowitz published a notice on *PR Newswire*, which alerted investors to the pendency of the above-captioned action and that the deadline to seek Lead Plaintiff status is January 22, 2018.  *See* Podolsky Decl., Ex. B.  Accordingly, The Regents satisfies the PSLRA's 60-day requirement through the filing of this motion.

B.      **The Regents Has The Largest Financial Interest In The Relief Sought By The Class**

The Regents should be appointed Lead Plaintiff because it believes that it has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, The Regents owned 328,385 shares of Towers common stock that it was eligible to vote in connection with the Merger.  *See* Podolsky Decl., Ex. A.  To the best of The Regents' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, The Regents has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

C.      **The Regents Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, The Regents otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing" that it satisfies Rule 23's typicality and adequacy requirements.  *Kiken v.*

*Lumber Liquidators Holdings, Inc.*, No. 4:13cv157, 2014 WL 12588686, at *2 (E.D. Va. May 14, 2014) (citation omitted).  Here, The Regents unquestionably satisfies both requirements.

Typicality can be established by showing that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Mills Corp. Sec. Litig.*, No. Civ.A. 1:06-77(GEL), 2006 WL 2035391, at *4 (E.D. Va. May 30, 2006) (citation omitted).  Here, The Regents' claims and legal arguments required to prove Defendants' liability in this action are virtually identical to those of absent class members.  Like all other class members: The Regents (1) held Towers common stock eligible to vote on the Merger; and (2) was damaged thereby.  *See id.*  As such, The Regents is a typical class representative.

The Regents similarly satisfies the adequacy requirement of Rule 23.  The adequacy requirement is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Adequacy can be demonstrated by showing that the movant: "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000).  To ensure that the rights of absent class members are protected, a representative party must show a "sufficient interest in the outcome of the case to ensure vigorous advocacy," *Miraglia v. Human Genome Sciences Inc.*, No. 8:11-cv-03231-RWT, 2012 WL 987502, at *3 (D. Md. Mar. 22, 2012) (citation omitted), and must not have interests antagonistic to those of the proposed class.  *See Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 WL 2499521, at *5 (D. Md. Aug. 13, 2009) (noting lack of "evidence of any antagonism or conflict between [movant] and other class members").  The adequacy requirement also applies to a movant's choice of class counsel, whose

representation is adequate when class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Mills*, 2006 WL 2035391, at *3 (describing factors courts may consider in determining counsel's adequacy).

Here, The Regents will fairly and adequately represent the interests of the proposed class. No antagonism exists between The Regents' interests and those of absent class members; rather, the interests of The Regents and other class members are squarely aligned. To further illustrate its adequacy, The Regents submits herewith a Certification affirming its understanding of the duties owed to class members through its commitment to oversee and monitor the prosecution of this action in the best interests of the class. *See* Podolsky Decl., Ex. A.

In addition, The Regents—a large, sophisticated institutional investor responsible for overseeing over $100 billion in investment assets—is exactly the type of investor Congress sought, through the enactment of the PSLRA, to encourage to lead securities class actions. Indeed, the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995)).

Moreover, based on past experience serving as Lead Plaintiff in cases subject to the PSLRA, The Regents is aware of the Lead Plaintiff's obligations to oversee and supervise the litigation separate and apart from counsel. *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. H-01-cv-3624 (S.D. Tex.) (as Lead Plaintiff, The Regents recovered approximately $7.3 billion for investors—the largest securities class action recovery in history). Accordingly, appointing The

Regents as Lead Plaintiff will help fulfill one of the primary goals of the PSLRA and ensure the class is represented by a highly qualified and experienced fiduciary.

Finally, The Regents has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel and the Law Offices of Susan R. Podolsky as Liaison Counsel to represent the class in this action.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

## II.     The Regents' Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class."  H.R. Conf. Rep. No. 104-369, at *35, *reprinted in* 1995 U.S.C.C.A.N. at 734.  Additionally, the Court should consider the work counsel has done in identifying or investigating potential claims in the action as part of its exercise of discretion.  *See In re Mills*, 2006 WL 2035391, at *3 (enumerating factors that courts may consider in evaluating counsel's ability to fairly and adequately represent the interests of absent investors).

Here, The Regents has selected Bernstein Litowitz to represent the class as Lead Counsel. Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz's Firm Résumé, Podolsky Decl., Ex. C.  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class.  More recently, Bernstein Litowitz secured a recovery of $2.43 billion in *In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, No. 09-

md-2058-PKC (S.D.N.Y.), the highest recovery in a securities class action alleging violations of Section 14(a), and a $1.06 billion settlement in *In re Merck & Co. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151-SRC-CLW (D.N.J.).

Other significant examples in which courts in this Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include:  *In re Genworth Financial, Inc. Securities Litigation*, No. 14-cv-0682-JRS (E.D. Va.), which resulted in a recovery of $219 million; and *In re Mills Corporation Securities Litigation*, No. 06-cv-0077-LO-TRJ (E.D. Va.), which resulted in a recovery of $202 million.  These results represent the second and third largest recoveries in securities class actions prosecuted in the Fourth Circuit.

Further, Bernstein Litowitz has extensive experience as Lead Counsel in actions that have recovered hundreds of millions for investors in connection with mergers that were unfairly designed to benefit insiders.  *See, e.g.*, *In re Freeport-McMoran Copper & Gold Inc. Deriv. Litig.*, C.A. No. 8145-VCN (Del. Ch.) (recovering $154 million for investors); *In re El Paso Corp. S'holder Litig.*, C.A. No. 6949-CS (Del. Ch.) (recovering $110 million for investors); *In re Jefferies Grp., Inc. S'holder Litig.*, CV 8059-CB, 2015 WL 3540662, at *2 (Del. Ch. June 5, 2015) (recovering $75 million for investors); *In re ACS S'holder Litig.*, C.A. No. 4940-VCP (Del. Ch.) (recovering $69 million for investors).

The Regents has also selected the Law Offices of Susan R. Podolsky to serve as Liaison Counsel for the class.  *See Law Offices of Susan R. Podolsky Firm Résumé*, Podolsky Decl., Ex. D.  Ms. Podolsky has over 20 years of litigation experience, including serving as Liaison Counsel in several securities class actions in this District.  *See, e.g.*, *In re Genworth Fin. Inc. Sec. Litig.*, No. 14-cv-0682-JRS (E.D. Va.) (recovering $219 million for investors with Bernstein Litowitz as Lead Counsel); *In re Computer Scis. Corp. Sec. Litig.*, No. 11-cv-610-TSE-IDD (E.D. Va.)

(recovering $97.5 million for investors); *In re NII Holdings, Inc. Sec. Litig.*, No. 14-cv-227-LMB-JFA (E.D. Va.) (recovering $41.5 million for investors).

Bernstein Litowitz and Ms. Podolsky have also already taken steps to protect the interests of the class by, among other things, filing the only complaint asserting these claims arising from the Merger.  Thus, the Court may be assured that by granting this motion, the class will receive the highest caliber of legal representation.

Accordingly, the Court should approve The Regents' selection of Bernstein Litowitz as Lead Counsel and the Law Offices of Susan R. Podolsky as Liaison Counsel for the class.

## **CONCLUSION**

For the reasons stated herein, The Regents respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) approve its selection of Bernstein Litowitz as Lead Counsel and the Law Offices of Susan R. Podolsky as Liaison Counsel for the class; and (iii) grant such other relief as the Court may deem just and proper.

Dated: January 22, 2018

Respectfully submitted,

*/s/ Susan R. Podolsky*
Susan R. Podolsky (Va. Bar No. 27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile:  (703) 647-6009
spodolsky@podolskylaw.com

*Liaison Counsel for Proposed Lead Plaintiff The Regents of the University of California and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

Blair A. Nicholas (*pro hac vice forthcoming*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323
blairn@blbglaw.com

-and-

Gerald H. Silk (*pro hac vice*)
Avi Josefson (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

*Counsel for Proposed Lead Plaintiff The Regents of the University of California and Proposed Lead Counsel for the Class*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Susan R. Podolsky
Susan R. Podolsky (Va. Bar No. 27891)

12