IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

)
)
IN RE WILLIS TOWERS WATSON PLC ) Civil Action No. 1:17-cv-1338 (AJT/JFA)
PROXY LITIGATION )
) <u>CLASS ACTION</u>
)

## **MEMORANDUM OPINION**

By Order dated February 25, 2020 [Doc. 116], this Court denied the Motion to Certify Order for Appeal and For a Continued Stay of Proceedings [Doc. 102] (the "Motion") filed by Defendants Willis Towers Watson plc, Towers Watson & Co. (n/k/a WTW Delaware Holdings LLC), Willis Group Holdings plc (n/k/a Willis Towers Watson plc), John Haley, and Dominic Casserley (collectively, the "Defendants").[1] This Memorandum Opinion sets forth the reasons the Court denied Defendants' request in the Motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1252(b) the three questions decided in this Court's January 31, 2020 Memorandum Opinion and Order [Doc. 100] (the "Order").[2]

### **I. BACKGROUND**

By Order dated July 11, 2018, this Court dismissed the Amended Complaint [Doc. 49] ("Amended Complaint") based on the statute of limitations and a failure to adequately allege that the relied upon misrepresentations and omissions were material. *In re Willis Towers Watson plc Proxy Litig.*, 2018 WL 3423859 (E.D. Va. July 11, 2018) ("July 11 Order"). Plaintiff appealed from that July 11 Order and on August 30, 2019, the Fourth Circuit reversed and vacated that

---

[1] Defendants Jeffrey W. Ubben and ValueAct Capital Management, L.P. have not moved this Court to certify any issues for interlocutory appeal.

[2] In the February 25, 2020 Order, the Court also denied as moot Defendants' request that this Court stay all proceedings in this action, including discovery, until the United States Court Appeals for the Fourth Circuit decides whether to hear the certified appeal. Motion at 1-2.

Order. *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 309 (4th Cir. 2019). In its opinion, the Fourth Circuit specifically identified the following three "issues of first impression in this circuit" to be considered on remand: (1) does a claim under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78n(a), that sounds in fraud require a particularized pleading of scienter?; (2) can a Section 14(a) claim sound in negligence instead of fraud?; and (3) if a Section 14(a) claim does sound in negligence, must the complaint nonetheless include particularized allegations of negligence? *Id.* at 307-08.

On January 31, 2020, after the Defendants renewed their motion to dismiss [Doc. 87], the Court held that: (1) a Section 14(a) claim that "sounds in fraud" does not require a particularized pleading of scienter; (2) a Section 14(a) claim can sound in "negligence" rather than fraud; and (3) a Section 14(a) claim does not need to include particularized allegations of negligence. Order at 3. In light of these holdings, the Court concluded that the Amended Complaint adequately alleged claims under Section 14(a) and Section 20(a) of the Exchange Act. Order at 4.[3]

On February 5, 2020, Defendants filed the Motion and accompanying Memorandum of Law in Support [Doc. 103 ("Memo.")]. On February 24, 2020, Defendants, who waived a hearing on the Motion [Doc. 104], filed their reply [Doc. 115 ("Reply")]. By Order dated February 25, 2020, the Court denied the Motion.

---

[3] On February 3, 2020, the Court entered its scheduling order [Doc. 101] and promptly thereafter, Plaintiff served discovery on Defendants, *see* [Doc. 105] at ¶ 5. By Order dated February 18, 2020, the Court denied Defendants' request for an expedited briefing schedule [Doc. 109], and in accordance with that Order, Plaintiff filed its response to the Motion [Doc. 113].

## II. ANALYSIS

### A. Interlocutory Appeal

A court may certify an order for interlocutory appellate review if the moving party demonstrates that the order it seeks to appeal "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also Virginia ex rel. Integra Rec., L.L.C. v. Countrywide Secs. Corp.*, 2015 U.S. Dist. LEXIS 71944, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (citing *Cooke-Bates v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 121255, 2010 WL 4789838, at *2 (E.D. Va. Nov. 15, 2010)). A decision to certify a non-final order for interlocutory review lies within the discretion of the reviewing court, *Terry v. June*, 368 F.Supp.2d 538, 539 (W.D. Va. 2005); however, such discretion is to be used sparingly, *Myles v. Laffitte,* 881 F.2d 125, 127 (4th Cir. 1989), and motions requesting a court to certify a non-final order for interlocutory appeal should only be granted under "exceptional circumstances" involving a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter," *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Fannin v. CSX Transp., Inc.,* 873 F.2d 1438 [reported in full at 1989 U.S. App. LEXIS 20859], at *5 (4th Cir. 1989) (per curiam) (unpublished)). Importantly, a moving party must satisfy all three § 1292(b) criteria before a district court can decide, in its discretion, to certify a non-final order for interlocutory appeal. *Cooke-Bates*, 2010 WL 4789838, at *2.

Whether an issue is considered "controlling" hinges on its potential to impact the course of the litigation. On the one hand, courts have found an issue controlling "if reversal of the district court's opinion would result in dismissal of the action." *Strougo ex rel. Brazil Fund v.*

3

*Scudder, Stevens & Clark*, 1997 U.S. Dist. LEXIS 12243, 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)) (other citations omitted). On the other hand, an issue is not "controlling" if its resolution on appeal "would necessarily continue [the litigation] regardless of how that question were decided." *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852-53 (E.D.N.C. 1995) (citing 16 Charles A. Wright, et al., *Federal Practice and Procedure* § 3930, at 159 (1977)). And in this regard, courts have recognized that whether an issue implicates a controlling question of law is closely-tied to whether an interlocutory appeal would materially advance the termination of the litigation. *See SEC v. Credit Bancorp, Ltd.,* 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected."). By way of example, courts have typically certified issues for interlocutory appeal when the issue is dispositive of the court's jurisdiction over the matter, an issue not present here. *See, e.g.*, *Gilmore v. Jones*, 2019 U.S. Dist. LEXIS 157329, at *9, 2019 WL 4417490 (W.D. Va. Sep. 16, 2019) (certifying decision on defendants' Rule 12(b)(2) motion to dismiss to implicate a controlling question of law because whether the Fourth Circuit affirmed or denied the district court's holding on personal jurisdiction could result in the dismissal of the action except for one defendant); *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992) (accepting an interlocutory appeal after noting the "importance of the jurisdictional question and its unsettled nature").

An issue presents a substantial ground for difference of opinion if courts, as opposed to the parties, disagree on a controlling question of law. *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989). But, as this Court has previously explained, "just any simple disagreement

4

between courts will not merit certification." *Cooke-Bates*, 2010 WL 4789838, at *2. Instead, a substantial ground for disagreement may arise if there is a "novel and difficult issue of first impression" or if there is a circuit split and the controlling circuit has not commented on the conflicting issue. *Id*.

Finally, the party seeking an interlocutory appeal must demonstrate that certification will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The mere fact that [certification] may save pre-trial and trial effort and expense," however, "is not determinative . . . ." *Fannin*, 1989 U.S. App. LEXIS 20859, at *5 (citation omitted). Indeed, such speculative savings "can be said of any interlocutory appeal." *Id*. Instead, in deciding if a moving party has met this third criteria, courts must look to whether "early appellate review might avoid protracted and expensive litigation." *Xoom, Inc. v. Imageline, Inc.*, 1999 U.S. Dist. LEXIS 21978, 1999 WL 1611444, at *1 (E.D. Va. 1999) (internal quotations omitted).

Defendants contend that each of the three issues decided in the Order satisfy the requirements for certification. Central to this claim is that these issues are issues of first impression in this circuit, which "if decided differently, would provide grounds on which to dismiss the Amended Complaint at the pleading stage." Reply at 6. But none of these issues sufficiently raises the prospect that they are "controlling" in the sense that their resolution by the Fourth Circuit would materially advance the ultimate termination of this litigation. In that regard, even were the Fourth Circuit to decide the certified questions differently than the Court, reversal would likely lead to a remand for further proceedings, either for the purpose of determining whether the Amended Complaint sufficiently pleads the required allegations, or whether further amendments should be permitted. And given the detailed allegations of the Amended Complaint, the Fourth Circuit's already issued opinion as to the adequacy of those allegations as

5

to the materiality requirement, and the liberal opportunity for amendments, it cannot be said at this point that this litigation would likely end at the pleadings stage were the Court's Order reversed. For these reasons, an interlocutory appeal, should the Fourth Circuit choose to hear it, would likely do little to materially advance its resolution, particularly when that issue is considered in light of the time likely needed to reach a final judgment in this Court under its already issued litigation schedule and the delay in reaching such a final judgment were an interlocutory appeal heard. *See In re Scientific-Atlanta, Inc.*, 2003 U.S. Dist. LEXIS 27749, at *20-21, 2003 WL 25740734 (N.D. Ga. Apr. 15, 2003) (finding the absence of a controlling question of law in the context of a securities class action since "[e]ven if the Court had found that Plaintiffs' allegations regarding the insider stock sales and the internal reports were insufficient, dismissal of the complaint would have been improper" because the Court would have permitted plaintiff to amend its complaint); *Urbich v. Sayles,* 779 F. Supp. 351, 364-65 (D.N.J. 1991) (denying certification of a question concerning "the issue of the pleading requirements for claims under Section . . . 14(a) of the Exchange Act . . . since an appeal, whether it affirmed or overturned the decision of this court, would not materially advance the ultimate termination of the litigation" and noting that "a ruling on the sufficiency of a pleading is generally unsuitable for interlocutory appeal because of the ready availability of amendment").

To be sure, the questions the Defendants seek to certify implicate issues of first impression in this circuit, and in certain instances, conflict with other circuit's opinions. *See* Order at 2, 10, 14; *Willis Towers Watson*, 937 F.3d at 308. But an issue's precedential value is not "*per se* sufficient to meet the 'controlling issue of law' standard," *Credit Bancorp, Ltd.,* 103 F. Supp. 2d at 227 (citing *Klinghoffer*, 921 F.2d at 24 (observing that precedential value is not a decisive factor)); *Wyeth v. Sandoz, Inc.*, 703 F.Supp.2d 508, 527 (E.D.N.C. 2010).

Likewise, to the extent the issues to be certified pertain to the substantive elements of Plaintiff's Section 14(a) claim, *see* Reply at 5, those issues will ultimately be contained in charging instructions or in Rule 56 or Rule 52 conclusions of law, such as scienter *vel non,* which any appealing party could present to the Fourth Circuit once this Court enters a final judgment. And in that respect, the posture of this case is no different than any other case that may present issues of law for review on appeal, which are typically deemed to be properly reviewable only after a final judgment has been entered based on a full evidentiary record. For this reason, an interlocutory appeal based on the disputed issues of law embedded in the Order cannot "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). At this point, interlocutory, piecemeal review appears particularly inappropriate in this case, given the prospect of any number of legal and factual issues that the litigation may present for review on appeal, including those pertaining to admissible evidence, damages, the availability of other relief, and/or the sufficiency of the evidence.

For all these reasons, the Defendants' request for certification of the issues decided in its January 31, 20120 Order is denied.

### B. Stay of Proceedings

Defendants also request, should this Court certify the Order for interlocutory appeal, a stay of these proceedings during the pendency of any appeal. Memo. at 7-8. However, because the Court declines to certify the Order for immediate interlocutory appeal, there is no basis upon which to issue a stay of this action. *See Countrywide Sec. Corp.*, 2015 U.S. Dist. LEXIS 71944, 2015 WL 3540473, at *9 (declining stay after declining to certify issue for interlocutory appeal). Therefore, Defendants' request for a stay is denied as moot.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the TW/Willis Defendants' Motion to Certify Order for Appeal and For a Continued Stay of Proceedings [Doc. 102] is **DENIED**.

The Clerk is directed to forward copies of this Memorandum Opinion to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 26, 2020