IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Civ. A. No. 1:17:cv-01338-AJT-JFA <br><br> <u>CLASS ACTION</u> <br><br> PUBLIC VERSION |

**JOINDER OF DEFENDANTS JEFFREY UBBEN AND
VALUEACT CAPITAL MANAGEMENT L.P. IN
THE TW/WILLIS DEFENDANTS' OPPOSITION
<u>TO LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

Defendants Jeffrey W. Ubben and ValueAct Capital Management, L.P. ("ValueAct Management") join in the TW/Willis Defendants' Opposition to Lead Plaintiff's Class Certification Motion, and agree with the TW/Willis Defendants that class certification should be denied for all the reasons cited in the TW/Willis Opposition.[1]

Mr. Ubben and ValueAct Management further note that Lead Plaintiff has failed to demonstrate "sufficient knowledge and control of the litigation," as required to establish adequacy pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 315-17 (E.D. Va. 2007). As the TW/Willis Defendants show in the Opposition,

---

[1] As used herein, "TW/Willis Opposition" shall refer to the Opposition of Defendants Willis Towers Watson plc ("WTW"), Towers Watson & Co. (n/k/a WTW Delaware Holdings LLC) ("TW"), Willis Group Holdings plc (n/k/a Willis Towers Watson plc) ("Willis"), John J. Haley, and Dominic Casserley (collectively, the "TW/Willis Defendants") to Lead Plaintiff The Regents of the University of California's ("Lead Plaintiff" or "Regents") Class Certification Motion. "Class Certification Motion" shall refer to Lead Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel. *See* ECF No. 146. "Lead Plaintiff's Memorandum" or "Mem." shall refer to the Memorandum of Law in Support of Lead Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel. *See* ECF. No. 147. "Amended Complaint" or "Am. Compl." shall refer to Lead Plaintiff's Amended Complaint. *See* ECF No. 49. References to "Ex." are to the Exhibits attached to the Declaration of Richard S. Horvath, Jr. filed with this joinder.

this litigation is entirely lawyer-driven, having been brought only at the behest of Regents' counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein"). TW/Willis Opposition at 31-2, (citing Hamill Tr. at 63, 110-11). Class certification should be denied on this basis as well. *See Shiring*, 244 F.R.D. at 315-17 (denying class certification because "plaintiff ha[d] effectively abdicated his supervisory role, choosing instead to allow counsel to manage and control the litigation, in contravention of the PSLRA's stated goals").

This Court has held that "it is important to underscore that in the securities fraud context the adequacy inquiry must be particularly searching." *Shiring*, 244 F.R.D. at 315. The reason for this searching inquiry is simple. When it adopted the PSLRA, Congress "***intended to empower investors*** so that they, ***not their lawyers***, control securities litigation and to change the existing system, in which investors in the class usually have great difficulty exercising any meaningful discretion over the case brought on their behalf." *Shiring*, 244 F.R.D. at 315 (quoting S. Rep. 104-98, at *6 (1995), U.S. Code Cong. & Admin. News 1995, pp. 679, 684) (alterations omitted) (emphasis added); *see also In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 149 (N.D. Tex. 2014).

To establish "adequacy" and to prevent lawyer-driven litigation, it is Lead Plaintiff's burden to demonstrate "knowledge and control" of this litigation. *Shiring*, 244 F.R.D. at 316. That requires Lead Plaintiff to demonstrate that it "understands the action in which he is involved and, notably, that this "understanding [is] not . . . limited to derivative knowledge acquired solely from counsel." *Shiring*, 244 F.R.D. at 316 (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 483 (5th Cir. 2001)). In particular, "courts have found a putative class representative to be inadequate, *inter alia*, where he relied on counsel to identify the proper

defendants . . . and where he did not contribute to the drafting of the complaint." *Id.*[2] Likewise, having a lead plaintiff that only commenced litigation based on an attorney solicitation "is hardly consistent with the PSLRA policy disfavoring lawyer driven litigation." *See In re Mun. Mortg. & Equity, LLC, Sec. & Derivative Litig.*, No. MDL 08-MD-1961, 2008 WL 11363288, at *2 (D. Md. Nov. 17, 2008). And yet, that is exactly the situation presented here.

Here, Mr. Hamill, Lead Plaintiff's Rule 30(b)(6) designee, testified that ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. A, Hamill Tr. at 64-66) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇ *Id.* at 63, 90-91. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 119. ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ "has been criticized by other courts as fostering the very tendencies toward lawyer-driven litigation that the PSLRA was designed to curtail"— "strongly suggests that this is a lawyer and not a client-driven suit." *Kosmos Energy*, 299 F.R.D. at 149 (denying class certification on basis of inadequacy); *see also Shiring*, 244 F.R.D. at 316 (filing action after responding to attorney solicitation indicative of inadequacy).

The absence of "knowledge and control" by Regents is further shown by the testimony of both Regents and Shaun Pedersen, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. B, Pedersen Tr. at 25-26.

---

[2] Citing *Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529 (N.D. Tx. 2005); *Griffin v. GK Intelligent Sys. Inc.*, 196 F.R.D. 298, 302 (S.D. Tx. 2000); *Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 666 (D. Or. 1991).

3

For example, if Regents believed its TW investment was not properly valued in the merger, Regents could have commenced an appraisal action in the Delaware Court of Chancery to obtain an award for the fair value for its shares.³ ███████████████ ███████████████ Ex. A, Hamill Tr. at 90-92.

███████████████

███████████████ Blair Nicholas, a former partner at Bernstein:

- had appeared in the Delaware appraisal action;
- had access to confidential information from the Delaware appraisal action; and
- had apparently been bound by an ethical wall established by Bernstein to prevent the sharing of confidential information from the appraisal action to this action.

TW/Willis Defendants' Opposition at 33, (citing Hamill Tr. at 62-63, 118); *see also* Ex. A, Hamill Tr. at 96-104, 137-142 ███████████████ ███████████████ TW/Willis Opposition at 31, (citing Hamill Tr. at 62-63, 118). ███████████████ ███████████████ (Ex. A, Hamill Tr. at 106), ███████████████ ███████████████ *See* Amended Complaint (ECF No. 49) at 1. Because Regents would serve as a self-appointed fiduciary of the proposed class, *Shiring*, 244 F.R.D. at 316, ███████████████

---

³ "An appraisal proceeding is a limited legislative remedy intended to provide shareholders dissenting from a merger on grounds of inadequacy of the offering price with a judicial determination of the intrinsic worth (fair value) of their shareholdings." *Cede & Co. v. Technicolor, Inc.*, 542 A.2d 1182, 1186 (Del. 1988).

Ex. A, Hamill Tr. at 165-170.  Likewise, Mr. Hamill Id. at 108.

Moreover, before it commenced this litigation, Regents See Ex. B, Pedersen Tr. at 198-99.  If Regents had made that inquiry,

Compare Mem. at 1 ("When the merger was announced, its unfavorable terms for Towers stockholders caused an 8.8% drop in Towers' stock price."); see also Am. Comp. ¶¶ 3, 39, 71, 90, 94, 143 (references to decline in price of Towers stock and the merger being a "takeunder" of TW) with Ex. B, Pedersen Tr. at 99-101 ("

").  That Regents' claims in this litigation are based on

Beyond its communications with its counsel, Regents has demonstrated no substantive knowledge of any of the underlying facts of the litigation, and has not meaningfully contributed

5

to the filing of the complaint in this action or this case's subsequent litigation. Regents has failed to establish adequacy. *See Shiring*, 244 F.R.D. at 316 (reliance on communications with counsel to manage the case and lack of participation in drafting complaint indicative of inadequacy).

For the reasons stated herein, in addition to the reasons cited in the Opposition, Mr. Ubben and ValueAct Management believe class certification should be denied.

Dated: July 13, 2020

Respectfully Submitted,

/s/ Arvind Jairam
Arvind Jairam (VSB 85772)
Stuart McCommas (VSB 86592)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
Fax: (202) 551-1705
arvindjairam@paulhastings.com
stuartmccommas@paulhastings.com

-and-

Richard S. Horvath, Jr. (*pro hac vice*)
Abigail H. Wald (*pro hac vice*)
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Tel: (415) 856-7000
Fax: (415) 856-7100
rickhorvath@paulhastings.com
abigailwald@paulhastings.com

*Counsel for Defendants Jeffrey W. Ubben and ValueAct Capital Management, L.P.*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 13, 2020, I electronically filed the foregoing document with Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system which will send a Notification of Electronic Filing to all parties in this case.

Dated: July 13, 2020

            /s/ Arvind Jairam
            Arvind Jairam (VSB 85772)