IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Master File No. 1:17-cv-1338-AJT-JFA <br><br> <u>CLASS ACTION</u> |

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND <br> AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a securities class action is pending in this Court styled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (E.D. Va.) (the "Action");

WHEREAS, (a) Lead Plaintiff The Regents of the University of California ("Lead Plaintiff"), on behalf of itself and the Class (defined below), and (b) defendants Willis Towers Watson plc ("WTW"), Towers Watson & Co. ("Towers") (n/k/a WTW Delaware Holdings LLC), Willis Group Holdings plc ("Willis") (n/k/a Willis Towers Watson plc), and ValueAct Capital Management, L.P. ("ValueAct") (collectively, the "Corporate Defendants"), and John J. Haley, Dominic Casserley, and Jeffrey Ubben (collectively, the "Individual Defendants," together with the Corporate Defendants, "Defendants," and, together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **The Certified Class** – The "Class" means the class certified in the Court's order dated September 4, 2020, as modified by the Court's order dated November 4, 2020, and includes: all persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger of Towers and Willis, and January 4, 2016, the date the Merger transaction between Towers and Willis closed, and who were allegedly damaged thereby. Excluded from the Class by definition are: Defendants; the members of the Immediate Family of any Individual Defendant; any person who was an Officer or director of WTW, Willis, Towers, or ValueAct as of October 1, 2015; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; any employee retirement and benefit plans of WTW, Willis, Towers, or ValueAct; Defendants' directors' and officers' liability insurance carriers and any affiliates or subsidiaries of those carriers; any Towers shareholder that completed the exercise of his, her, or its right to appraisal of his, her or its shares under Delaware law, including through a settlement of any litigation initiated by any former Towers shareholder to pursue appraisal rights related to the Merger; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any of the foregoing excluded parties. Also excluded from the Class are any persons

and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  To be a Class Member, a person or entity does not need to have held all the Towers shares that he, she, or it owned on October 1, 2015 until January 4, 2016.  He, she, or it need only have continued to own at least some of that Towers common stock that he, she, or it held on October 1, 2015 as of January 4, 2016.  A person or entity is excluded from the Class if he, she, or it sold all of his, her, or its Towers shares before January 4, 2016.  Any of a Class Member's shares which were sold between October 1, 2015 and January 4, 2016 will be excluded from that Class Member's pro rata recovery in the Settlement, and if a Class Member held more Towers shares on January 4, 2016 than he, she, or it held on October 1, 2015, then only the shares held on October 1, 2015 will be eligible for recovery in the Settlement.

2. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on May 21, 2021 at 1:00 p.m., either in person at Courtroom 701 of Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, or by telephone or videoconference (in the discretion of the Court) for the following purposes:  (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine

whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Counsel's motion for attorneys' fees and litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

    4.    The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may, in its discretion, order that the Settlement Hearing be conducted by telephone or videoconference without further written notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by videoconference, that decision will be posted on a website to be developed for the Settlements as referenced in paragraph 5(d) of this Order.

    5.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement and the Delaware Settlement, as well as the processing of Claims for both Settlements, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

    (a)    the first date on which both (i) this Order and (ii) an order from the Delaware Court scheduling a final hearing for approval of the Delaware Settlement and authorizing notice to the Delaware Class, have been entered by the respective Courts shall be referred to herein as the "Entry Date";

    (b)    not later than five (5) business days after the Entry Date, WTW shall use reasonable efforts to provide or cause to be provided to the Claims Administrator in

4

electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator), to the extent available to WTW or any of its or Towers' current or former transfer agents, lists consisting of names and mailing addresses of (a) all holders of Towers common stock on October 1, 2015, and (b) all holders of Towers common stock at the time the Merger was consummated on January 4, 2016;

(c) beginning not later than twenty (20) calendar days after the Entry Date, the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (collectively, the "Notice Packet"), to be mailed by first-class mail to potential members of the Classes at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(d) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be developed for the Settlements, from which copies of the Notice and Claim Form can be downloaded;

(e) not later than thirty-five (35) calendar days after the Entry Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(f) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7. **Nominee Procedures** – Brokers and other nominees who held Towers common stock for the benefit of another person or entity on either (i) October 1, 2015, *or* (ii) at the time the Merger was consummated on January 4, 2016, shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt

of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

9. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Entry Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity

shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be permanently barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully

described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.     **Exclusion From the Class** – All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Class.  Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than eighty (80) calendar days after the Entry Date, to:  *Willis Towers Watson Shareholder Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Federal Class in *In re Willis Towers Watson plc Proxy Litigation*, Case No. 1:17-cv-1338 (E.D. Va.)"; (iii) state the number of Towers common shares that the person or entity requesting exclusion (A) owned as of October 1, 2015, (B) purchased/acquired and/or sold during the period from October 1, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (C) owned as of the consummation of the Merger on January 4, 2016; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall

not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

15. **Appearance and Objections at Settlement Hearing** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than eighty (80) calendar days after the Entry Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

16. Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved;

10

*provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has (i) filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than eighty (80) calendar days after the Entry Date, and (ii) emailed a copy of their objection to both Lead Plaintiff at settlements@blbglaw.com and the TW/Willis Defendants' counsel at john.neuwirth@weil.com and joshua.amsel@weil.com and the Ubben/ValueAct Defendants' counsel at rickhorvath@paulhastings.com by that same date.

|  |  |
|---|---|
| **Lead Counsel** | **Defendants' Counsel** |
| Bernstein Litowitz Berger & Grossmann LLP<br>Salvatore J. Graziano, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | Weil, Gotshal & Manges LLP<br>John A. Neuwirth, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br><br>and<br><br>Paul Hastings LLP<br>Richard S. Horavth, Jr. Esq.<br>101 California Street, 48th Floor<br>San Francisco, CA 94111 |

17. Any objections, filings, and other submissions by the objecting Class Member must: (a) identify the case name and docket number, *In re Willis Towers Watson plc Proxy Litigation*, Case No. 1:17-cv-1338 (E.D. Va.); (b) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) include documents

sufficient to prove membership in the Class, including documents showing the number of shares of Towers common stock that the objecting Class Member (i) owned as of October 1, 2015, (ii) purchased/acquired and/or sold from October 1, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (iii) owned as of the consummation of the Merger on January 4, 2016.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.

18.   Any Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or with respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants,

and the Parties shall revert to their respective positions in the Action as of November 19, 2020, as provided in the Stipulation.

24. **<u>Use of this Order</u>** – Neither this Order, the Settlement (whether or not consummated), the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may

be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder, or otherwise to enforce the terms of the Settlement.

25. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than sixty-five (65) calendar days after the Entry Date; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this 21st day of January, 2021.

_____
The Honorable Anthony J. Trenga
United States District Judge

15